**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

NICOLAS ROMERO FIGUEROA,

Petitioner,

v. No. 1:26-cv-3043-KWR-JHR

FNU LNU, WARDEN TORRANCE COUNTY
DETENTION FACILITY,

Respondent.

**MEMORANDUM OPINION AND ORDER DIRECTING AMENDMENT**

Before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) (Petition). Petitioner challenges his custody by Immigration and Customs Enforcement at the Torrance County Detention Center in New Mexico. He alleges he has not received proper due process in his immigration proceedings and he seeks release from detention. (Doc. 1) at 11-13. For the reasons stated below, Court will require Petitioner to show cause, if any, why the Petition should not be dismissed without prejudice

The Executive Office for Immigration Review's case information website indicates that a removal order was issued on September 9, 2026, and Petitioner did not appeal this order. *See* https://acis.eoir.justice.gov/en/caseInformation (noting a removal order was entered on September 9, 2026, and no appeal was received by the Board of Immigration Appeals). Petitioner's removal order therefore became final on October 9, 2026. *See* 8 C.F.R. § 1241.1(c) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final … [u]pon expiration of the time allotted for an appeal if the respondent does not file

an appeal within that time."); 8 C.F.R. § 1240.15 ("An appeal shall be filed within 30 calendar days" of an order of removal being issued.); *Riley v. Bondi*, 606 U.S. 259, 267 (2025) (a removal order is final if the noncitizen does not appeal within 30 days). Consequently, Petitioner's detention is governed by 8 U.S.C. § 1231 and he is subject to mandatory detention during a 90-day removal period. *See* 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the" noncitizen); *see also Zadvydas v. Davis,* 533 U.S. 678, 683 (2001) (explaining that petitioners "must be held in custody" during this statutory period). After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal. *Id.*; *see* 8 U.S.C. § 1231(a)(6). The Supreme Court has determined that a six-month detention period is presumptively reasonable. *Zadvydas*, 533 U.S. at 701. "After this 6-month period, … the Government must respond with evidence sufficient to rebut [th]e showing" that the custody is unconstitutional. *Id. at* 701.

Petitioner's removal order became final less than 90 days ago, on October 9, 2026. Petitioner is therefore subject to mandatory detention under 8 U.S.C. § 1231(a)(1)(A) for 90 days. Even when the 90-day statutory removal period expires, Petitioner's detention is presumptively reasonable under *Zadvydas* through at least March 9, 2027. *See Zadvydas,* 533 U.S. at 701. Absent further evidence, Petitioner cannot prevail on his claim for prolonged detention or obtain a release. Petitioner is also not entitled to a bond hearing. *See Gregorio, v. Warden,* 2026 WL 810004, at *2 (E.D. Cal. Mar. 24, 2026) ("Petitioner is … not entitled to a bond hearing because during the 90-day removal period set forth in § 1231(a)(1)(A), his detention is mandatory"); *Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) ("We conclude that § 1231, not § 1226, governs the detention of [noncitizens] subject to … orders of removal, meaning those [noncitizens]

are not entitled to a bond hearing”). To the extent Petitioner intends to challenge the removal order itself, relief is also unavailable. Congress enacted 8 U.S.C. § 1252, known as the “zipper clause,” to limit District Courts’ jurisdiction over claims challenging removal orders. *See Jennings v. Rodriguez,* 583 U.S. 281, 316-17 (2018). Under the zipper clause, District Courts generally lack jurisdiction over “all questions of law and fact” that arise from a removal order, and “[n]either habeas corpus” nor “any other provision of law” can be used to avoid § 1252(b)(9)’s jurisdictional bar. *Id.* at 317.

The Court will require Petitioner to file a response showing cause, if any, why the Petition should not be summarily dismissed without prejudice. The show-cause response is due within twenty (21) days of entry of this Order. If Petitioner declines to timely comply with this Order, the Court will dismiss the case without prejudice. Petitioner will be permitted to refile the claims, if his detention exceeds the six-month period under *Zadvydas*.

**IT IS ORDERED** that within twenty-one (21) days of entry of this Order, Petitioner shall file a show-cause response, as set forth above.

/s/
HON. KEA RIGGS
UNITED STATES DISTRICT JUDGE