**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

NICOLAS ROMERO FIGUEROA,

Petitioner,

v. No. 1:26-cv-3043-KWR-JHR

FNU LNU, WARDEN TORRANCE
COUNTY DETENTION FACILITY,

Respondent.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1). Petitioner is proceeding *pro* se and in immigration detention at the Torrance County Detention Center. The Court previously directed Petitioner to show cause why the Petition should not be summarily dismissed without prejudice. (Doc. 4) (Show Cause Order). Petitioner filed two documents in response. (Docs. 5 and 6). Having reviewed the record and relevant law, the Court determines that habeas relief is not available under *Zadvydas v. Davis,* 533 U.S. 678, 687 (2001) or 8 U.S.C. § 1231. The Court will therefore dismiss the Petition without prejudice to refiling, as set forth below.

**BACKGROUND**

Petitioner challenges his immigration custody, alleges he has not received proper due process in his immigration proceedings, and seeks release from detention. (Doc. 1) at 11-13. By a ruling entered October 14, 2026, the Court noted that the Executive Office for Immigration Review's case information website indicates that a removal order was issued on

September 9, 2026, and Petitioner did not appeal this order. (Doc. 4) at 1; *see also* https://acis.eoir.justice.gov/en/caseInformation (noting that a removal order was entered on September 9, 2026, and no appeal was received by the Board of Immigration Appeals). The Court explained that when a petitioner is subject to a final order of removal, detention is governed by *Zadvydas v. Davis,* which provides that detention is presumptively reasonable for six months after a final order of removal is entered. 533 U.S. 678, 682, 701 (2001). The Court further explained that it appears Petitioner's removal order became final 30 days after it was issued, or on October 9, 2026, and Petitioner's detention is therefore presumptively reasonable until at least March 9, 2027. *See* 8 C.F.R. § 1241.1(c) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final … [u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time."); 8 C.F.R. § 1240.15 ("An appeal shall be filed within 30 calendar days" of an order of removal being issued.).

For the foregoing reasons, the Court directed Petitioner to show cause, if any, why the Petition should not be summarily dismissed without prejudice. (Doc. 4). Petitioner filed a response to the Show Cause Order, in which he acknowledges that an Immigration Judge entered an order of removal on September 9, 2026, and he did not file an appeal of that order. (Doc. 5) at 1-2. Petitioner asks the Court to "consider any properly supported constitutional claim that falls within its jurisdiction" and seeks review of his detention. *Id.* at 3-4. Petitioner further requests leave to file an amended petition "if the necessary facts can be established." *Id.* at 5. In addition, Petitioner filed a document addressed to the Assistant United States Attorney asking for review of his immigration detention and to consider any alternatives to detention. (Doc. 6) ("Request for Review of Immigration Detention and Coordination with ICE").

## DISCUSSION

Habeas corpus relief is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas,* 533 U.S. 678. Courts conduct an initial review of *pro se* habeas petitions to determine whether the claims raise a colorable request for relief. *See* Habeas Corpus Rules 1, 4. "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the Judge must dismiss the petition." Habeas Corpus Rule 4(b). "If the petition is not dismissed, the Judge must order … an answer." *Id.*

Where, as here, Petitioner is subject to a final order of removal, detention is governed by *Zadvydas,* 533 U.S. at 682 and 8 U.S.C. § 1231. The Government is expected to secure a noncitizen's removal within 90 days after a removal order becomes final. *Zadvydas,* 533 U.S. at 682; *see also* 8 U.S.C. § 1231(a)(1). "During the 90-day removal period, … [the noncitizen] must be held in custody." *Zadvydas,* 533 U.S. at 683 (citing § 1231). After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal. *Id.*; *see* 8 U.S.C. § 1231(a)(6). The Supreme Court determined that a six-month detention period is presumptively reasonable. *Zadvydas,* 533 U.S. at 701. "After this 6-month period, once the [petitioner] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut [th]e showing" that the custody is unconstitutional. *Id.* at 701.

Petitioner's removal order became final on October 9, 2026 – less than six months ago. *See* 8 C.F.R. § 1241.1(c) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final … [u]pon expiration of the time

allotted for an appeal if the respondent does not file an appeal within that time."); 8 C.F.R. § 1240.15 ("An appeal shall be filed within 30 calendar days" of an order of removal being issued.). Consequently, Petitioner's detention is presumptively reasonable under *Zadvydas*. *See Zadvydas,* 533 U.S. at 701. Moreover, noncitizens detained pursuant to § 1231 are not entitled to a bond hearing. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) ("We conclude that § 1231, not § 1226, governs the detention of [noncitizens] subject to … orders of removal, meaning those [noncitizens] are not entitled to a bond hearing."). Petitioner therefore cannot prevail on his claim for prolonged detention or obtain release or a bond hearing at this time.

Because the Court cannot grant the requested relief at this time, the Petition will be dismissed without prejudice and as premature. Petitioner may refile his claims for prolonged detention after expiration of the six-month period under *Zadvydas* or if the basis for the claims change.

**IT IS THEREFORE ORDERED** that this case is **DISMISSED without prejudice** to refiling, and the Court will enter a separate judgment closing the civil case.

**IT IS FURTHER ORDERED** that Petitioners' "Request for Review of Immigration Detention and Coordination with ICE" (**Doc. 6**) is **DENIED as moot**.

_______/S/________________________________
HON. KEA RIGGS
UNITED STATES DISTRICT JUDGE